**WO**                                                                                                          JKM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santiago Arrieta Sebastiani, ) | No. CV 10-0898-PHX-DGC (ECV) |
| ) | |
| Petitioner. ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Eric H. Holder, Jr., et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

Petitioner Santiago Arrieta Sebastiani (A087-907-202), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) and an Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief (Doc. #2).[1]  The Court will deny the Motion and dismiss the Petition for lack of jurisdiction.

**I.     Petition**

Petitioner is a native and citizen of Uruguay.  On April 4, 2003, when he was fourteen years old, he entered the United States under the Visa Waiver Program (VWP).[2]  On March

---

[1] This case is assigned to District Judge David G. Campbell.  Because Judge Campbell is unavailable to hear Petitioner's Emergency Motion, the motion was randomly assigned to the undersigned.

[2]  The VWP authorizes a 90-day stay without a visa in exchange for a waiver of the right to challenge any removal action except on the basis of asylum.  8 U.S.C. § 1187(a)(1) and (b).

1    4, 2010, Petitioner was arrested in California on a bench warrant for failure to comply with

2    a state sentencing order in connection with his 2007 California petty theft conviction.

3    Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE) and

4    is now being held without bond in the Service Processing Center in Florence, Arizona.

5    On March 5, 2010, ICE Assistant Field Officer Michael Vaughn issued an order for

6    Petitioner's removal under the VWP for remaining in the United States longer than

7    authorized. Petitioner's petition for review from the removal order is currently pending

8    before the United States Court of Appeals for the Ninth Circuit. Sebastiani v. Holder, No.

9    10-70961 (9th Cir. pet. for review filed Mar. 26, 2010). On April 14, 2010, the Ninth Circuit

10   continued its previously-granted stay of removal pending issuance of its mandate. Id.

11   In his Petition for Writ of Habeas Corpus, "Petitioner's claim for relief rests on the

12   assertion that he is not subject to removal under provisions of the Visa Waiver Program

13   because he did not execute a knowing and voluntary waiver of his right to contest removal

14   before an immigration judge." (Doc. #1 at 2.) Petitioner argues that his removal order is

15   invalid because ICE has not produced a Form I-94W waiver signed by him or by an

16   authorized person on his behalf. Petitioner argues that his detention without bond is unlawful

17   because he is not subject to a valid order of removal.

18   **II.    Jurisdiction**

19   Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),

20   the district courts do not have habeas corpus jurisdiction to review an order of removal. Iasu

21   v. Smith 511 F.3d 881, 886 (9th Cir. 2007).   The REAL ID Act amended 8 U.S.C.

22   § 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals

23   in accordance this section shall be the sole and exclusive means for judicial review of an

24   order of removal entered or issued under any provision of this [Act]").   8 U.S.C.

25   § 1252(a)(5). But the REAL ID Act only limits the district courts' ability to review an order

26   of removal.  It does not deprive the district courts of habeas corpus jurisdiction over an

27   alien's claim that his ongoing detention is unlawful. Casas-Castrillon v. Dep't of Homeland

28   Sec., 535 F.3d 942, 946 (9th Cir. 2008).

1    Although Petitioner challenges his detention, he does so only on the ground that his

2    underlying order for removal is improper because he is not subject to removal under the

3    VWP.  Thus, to grant his habeas corpus petition, the Court would necessarily have to

4    invalidate Petitioner's order of removal.  But under the REAL ID Act, the Ninth Circuit has

5    exclusive jurisdiction to review Petitioner's order of removal.  8 U.S.C. § 1252(a)(5).

6    Because Petitioner's detention claim is inextricably intertwined with his challenge to his

7    removal order, this Court lacks habeas corpus jurisdiction over this action.

8    The REAL ID Act, however, includes a jurisdictional savings provision for challenges

9    to removal that were mistakenly filed in the district courts.  Subsection 106(c) of the REAL

10   ID Act provides that if any § 2241 habeas corpus case "challenging a final administrative

11   order of removal . . . **is pending in a district court on the date of enactment**, then the

12   district court shall transfer the case . . . to the [appropriate] court of appeals."  REAL ID Act

13   §106(c) (emphasis added).  This action, however, cannot be transferred under § 106(c) of the

14   REAL ID Act because it was not pending in this Court on the date of enactment.  See Iasu,

15   511 F.3d at 888-89.  But § 106 of the REAL ID Act is not the only relevant jurisdictional

16   savings provision.

17   When a claim is improperly brought in the district court, the court must consider

18   whether the action should be transferred to the court of appeals pursuant to the general

19   jurisdiction savings provision – 28 U.S.C. § 1631.  Baeta v. Sonchik, 273 F.3d 1261, 1264-65

20   (9th Cir. 2001).  Section 1631 provides:

21       Whenever a civil action is filed in a court as defined in section 610 of this
         title or an appeal, including a petition for review of administrative action, is
22       noticed for or filed with such a court and that court finds that there is a want
         of jurisdiction, the court shall, if it is in the interest of justice, transfer such
23       action or appeal to any other such court in which the action or appeal could
         have been brought at the time it was filed or noticed, and the action or appeal
24       shall proceed as if it had been filed in or noticed for the court to which it is
         transferred on the date upon which it was actually filed in or noticed for the
25       court from which it is transferred.

26   28 U.S.C. § 1631.  The transfer statute authorizes the Court to transfer this case to the United

27   States Court of Appeals for the Ninth Circuit "'if: (1) [the court of appeals] would have been

28   able to exercise jurisdiction on the date that [the petition was] filed in the district court; (2)

- 3 -

1  the district court lack[s] jurisdiction over the case[]; and (3) the transfer is in the interests of

2  justice.'" Baeta, 273 F.3d at 1264 (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1046 (9th

3  Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)).

4    The Petition in this action was filed on April 23, 2010, which is more than 30 days

5  after Petitioner's order of removal was issued.  Thus, the first prong of the transfer test is not

6  satisfied because the Petition would not have been timely if it had been filed in the court of

7  appeals on that date.  See 8 U.S.C. § 1252(b)(1) ("petition for review must be filed not later

8  than 30 days after the date of the final order of removal").  Moreover, Petitioner's petition

9  for review challenging his removal order is already pending before the Ninth Circuit.

10  Sebastiani, No. 10-70961 (9th Cir.).  Accordingly, the Court will not transfer this action to

11  the Ninth Circuit.  The action will be dismissed for lack of jurisdiction.

12  **III. Temporary Restraining Order — Preliminary Injunction**

13    Because Petitioner has failed to demonstrate any chance of success on the merits of

14  his Petition, his request for an order compelling his release will be denied.  Arcamuzi v.

15  Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (if the applicant shows no

16  chance of success on the merits, the injunction should not issue).

17    **IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining

18  Order and/or Preliminary Injunctive Relief (Doc. #2) is denied.

19    **IT IS FURTHER ORDERED** that the Petition (Doc. #1) and this action are

20  dismissed for lack of jurisdiction.  The Clerk of Court shall enter a judgment accordingly.

21    DATED this 26th day of April, 2010.

22

23

24  _____

25  Mary H. Murguia
  United States District Judge

26

27

28